

DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| **In re:** | * | (Chapter 11) |
| | | |
| **LUMINENT MORTGAGE CAPITAL, INC.,** | * | Case No. 08-21389-DK |
| **LUMINENT CAPITAL MANAGEMENT, INC.,** | | Case No. 08-21390-DK |
| **MAIA MORTGAGE FINANCE STATUTORY** | * | |
|   **TRUST**, | | Case No. 08-21391-DK |
| **MERCURY MORTGAGE FINANCE** | * | |
|   **STATUTORY TRUST,** | | Case No. 08-21392-DK |
| **MINERVA CDO DELAWARE SPV LLC**, | * | Case No. 08-21393-DK |
| **MINERVA MORTGAGE FINANCE** | | |
|   **CORPORATION,** | * | Case No. 08-21394-DK |
| **OT REALTY TRUST**, | | Case No. 08-21395-DK |
| **PANTHEON HOLDING COMPANY, INC.,** | * | Case No. 08-21396-DK |
| **PROSERPINE, LLC**, | | Case No. 08-21397-DK |
| **SATURN PORTFOLIO MANAGEMENT, INC.,** | * | Case No. 08-21398-DK |
| | | |
|       **Debtors.** | * | (Jointly Administered Under |
| | | Case No. 08-21389-DK |
| * * * * * * * * * | * | * * * * |

**ORDER (I) AUTHORIZING AND APPROVING A COMPROMISE AND
SETTLEMENT OF THE CONSOLIDATED SECURITIES CLASS ACTION
PURSUANT TO THE TERMS OF THE SETTLEMENT AGREEMENT, AND
(II) AUTHORIZING RELIEF FROM THE AUTOMATIC STAY TO PERMIT THE
DEBTORS TO PROSECUTE THE SETTLEMENT AGREEMENT**

Upon consideration of the motion (the "Motion")[1] filed by Luminent Mortgage Capital,

Inc., Luminent Capital Management, Inc., Maia Mortgage Finance Statutory Trust, Mercury

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Motion.

Mortgage Finance Statutory Trust, Minerva CDO Delaware SPV LLC, Minerva Mortgage Finance Corporation, OT Realty Trust, Pantheon Holding Company, Inc., Proserpine, LLC and Saturn Portfolio Management, Inc. (collectively, the "Debtors"), Debtors and Debtors-in-Possession, for entry of an order, pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, and Rules 4001 and 9019(a) of the Federal Rules of Bankruptcy Procedure, (i) authorizing and approving the proposed settlement of the Consolidated Securities Class Action pursuant to the terms of the *Stipulation of Settlement* (the "Settlement Agreement"), a true and complete copy of which is attached as Exhibit B to the reply [Docket No. 275] (the "Reply") filed by the Debtors, and (ii) authorizing relief from the automatic stay to permit the Debtors to prosecute the Settlement Agreement in the United States District Court for the Northern District of California; and the Court having conducted a hearing upon the Motion on November 19, 2008 (the "Hearing"); and the Court having considered the entire record made at the Hearing, the Reply and the objection [Docket No. 219] (the "Objection") filed by the Official Committee of Unsecured Creditors; and the Court having overruled the Objection for the reasons set forth in the decision rendered by the Court on December 2, 2008 (the "Decision") and incorporated herein by reference; and after due deliberation thereon and good and sufficient cause appearing thereof;

    IT IS HEREBY FOUND AND DETERMINED THAT:[2]

    A.    The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334;

    B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Bankruptcy Rule 7052.

2

C.	Venue of these cases and this Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409;

D.	Proper and adequate notice of the Motion and the Hearing has been given and no other or further notice is necessary;

E.	The Motion seeks resolution, settlement and compromise of the controversies in the Consolidated Securities Class Action upon the terms described in the Motion and as set forth in the Settlement Agreement.  The parties to the Settlement Agreement are Luminent Mortgage Capital, Inc. ("Luminent"), Gail Seneca, S. Trezevant Moore, Jr. and Christopher Zyda (collectively, the "D&Os," and together with Luminent, the "Defendants") and Allen Dayton, The Southern Improvement Company and VGA, Inc. (collectively, the "Lead Plaintiff," and together with the Defendants, the "Parties").

F.	The D&O Policy provides that the policy is intended to protect and benefit the individual insureds, including the D&Os, and that the bankruptcy or insolvency of Luminent shall not affect the insurer's obligations to any individual insured.

G.	The D&Os and the Debtors each have a non-exclusive property interest in the D&O Policy.  The Debtors' and the D&Os' respective property interests in the proceeds of the D&O Policy are subject to the contractual priority of payments set forth in Clause #23 of Endorsement #1 to the D&O Policy.  Clause #23 expressly provides that the D&Os have a contractual first priority of payment *vis a vis* the Debtors for any Loss covered by Coverage A or Coverage C of the D&O Policy.  There is no basis to conclude, based on the evidence presented to the Court at the Hearing, that the filing of the Debtors' Voluntary Petitions altered in any way the preexisting contractual rights of the Debtors and the D&Os under the D&O Policy.

H.  The Settlement Agreement does not prejudice the Debtors' estates and their creditors because, even after the settlement is funded by the Debtors' insurance carrier, there will still be more than $40 million of directors and officers liability insurance coverage remaining under the D&O Policy and the excess directors and officers liability insurance policies (the "Excess Policies," and together with the D&O Policy, the "D&O Policies").  There has been no showing that this amount will be insufficient to cover the two other claims that have been made against the D&O Policies.

I.  The Settlement Agreement provides substantial benefits to the Debtors' estates and their creditors, and is fair and reasonable because, among other things, (i) it resolves in a consensual manner issues regarding Luminent's alleged violations of federal and state securities laws which would be expensive and time consuming to litigate, and (ii) it prevents the further accrual of an otherwise open-ended indemnification obligation to the D&Os with respect to the Consolidated Securities Class Action.

J.  The Parties negotiated at arm's-length and in good faith in negotiating resolution of the controversies at issue in the Consolidated Securities Class Action, as well as in seeking approval of such compromise by this Court;

K.  The compromise contained in the Settlement Agreement is a valid and proper exercise of the Debtors' business judgment in accordance with the standards for approval of such compromises as set forth in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968);

L.  The Debtors have all requisite power and authority to execute, deliver and perform its obligations under the Settlement Agreement, and the Settlement Agreement constitutes the legal, valid and binding obligations of the Debtors; and

4

M.	In light of the foregoing, for those reasons set forth in the Motion, in the Reply, at the Hearing and in the Decision, and based upon all of the facts and circumstances in these cases, the Settlement Agreement reflects a compromise that is (i) fair, equitable and in the best interests of the Debtors' estates and their creditors, and (ii) within the range of reasonableness.

BASED ON THE FOREGOING FINDINGS, IT IS HEREBY ORDERED THAT:

1.	The Motion is **GRANTED** in all respects, and the Settlement Agreement is **APPROVED** in its entirety.

2.	Each provision of the Settlement Agreement is incorporated by reference herein, and thereby has the force and effect of an order of this Court.

3.	The Debtors are authorized and directed to take any and all actions necessary or appropriate to implement and effectuate the terms of the Settlement Agreement.

4.	The automatic stay in the Debtors' bankruptcy cases is lifted to permit the Debtors to prosecute the Settlement Agreement in the United States District Court for the Northern District of California.

5.	Notwithstanding Bankruptcy Rule 4001(a)(3), this order shall not be stayed for ten days after the entry hereof and this order shall be effective and enforceable immediately upon its entry.

6.	The Court shall retain jurisdiction to hear and determine all matter arising from the implementation of this order.


cc:	Joel I. Sher, Esq.
	Shapiro Sher Guinot & Sandler
	36 South Charles Street, Suite 2000
	Baltimore, Maryland 21201-3147

Peter S. Partee, Esq.
Scott H. Bernstein, Esq.
Hunton & Williams LLP
200 Park Avenue, 53rd Floor
New York, New York 10166

Jeffrey N. Rothleder, Esq.
Arent Fox LLP
1050 Connecticut Ave., N.W.
Washington, DC  20036

Andrew I. Silfen, Esq.
Arent Fox LLP
1675 Broadway
New York, NY  10019

Andrew P. Brozman, Esq.
Sara M. Tapinekis, Esq.
Clifford Chance US, LLP
31 West 52nd Street
New York, NY  10019

Mark A. Neal, Esq.
Office of the U.S. Trustee
101 West Lombard Street, Ste. 2625
Baltimore, MD  21201

Richard W. Cohen, Esq.
Barbara J. Hart, Esq.
David C. Harrison, Esq.
Lowey Dannenberg Cohen & Hart
One North Broadway, Suite 509
White Plains, NY

Joseph J. Tabacco, Jr., Esq.
Nicole Lavellee, Esq.
Berman DeValerio Pease Tabacco
425 California Street, Suite 2100
San Francisco, CA  94104

Michael L. Rugen, Esq.
Heller Ehrman LLP
555 California Street
San Francisco, CA  94104

Maria Ellena Chavez-Ruark, Esq.
Tydings & Rosenberg
100 E. Pratt St., 26th Fl.
Baltimore, MD  21202

Dion W. Hayes, Esquire
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219

**-END OF ORDER-**